**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ANTHONY GATTINERI,

      Plaintiff

v.

WYNN MA, LLC and WYNN RESORTS,
LIMITED,

      Defendants

Civil Action No. 1:18-cv-11229

WYNN MA, LLC,

      Plaintiff-in-Counterclaim,

v.

ANTHONY GATTINERI,

      Defendant-in-Counterclaim.

## DEFENDANTS WYNN MA, LLC AND WYNN RESORTS, LIMITED'S ANSWER AND WYNN MA, LLC'S COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 8, Defendants Wynn MA, LLC and Wynn Resorts, Limited

("Wynn Resorts") (together the "Defendants") hereby respond to the enumerated paragraphs of

the Complaint of Plaintiff Anthony Gattineri (the "Plaintiff") as follows:

## ANSWER

To the extent the introductory paragraphs contain factual allegations, the Defendants

deny the allegations and call upon the Plaintiff to prove same.

Wynn MA, LLC and Wynn Resorts deny the existence of, and thus deny breaching, any

oral contract between the Defendants and Mr. Gattineri whatsoever. Neither Wynn MA, LLC nor

Wynn Resorts entered into any undisclosed oral agreement with Mr. Gattineri or any other FBT

Everett Realty, LLC ("FBT") member because to do so would have been an illegal breach of the

Massachusetts gaming laws and against public policy. Wynn MA, LLC and Wynn Resorts did

not enter into any agreement, written or oral, inconsistent with the Massachusetts Gaming

Commission's ("Gaming Commission") vote at its December 13, 2013 meeting to (a) adopt the

$35 million non-casino valuation of the Everett Property and (b) require FBT's members to

submit their respective Certificates.

<u>PARTIES</u>

1.      Admitted only that the Defendants were provided documents that indicate

Plaintiff is a 46.69% member of FBT. The Defendants are without sufficient knowledge or

information to form a belief as to the truth or falsity of the remainder of the allegations in

Paragraph 1, and therefore deny them on that basis.

2.      Admitted only that Wynn MA, LLC is a limited liability company organized

under the laws of Nevada with a principal place of business located at 3131 Las Vegas

Boulevard South, Las Vegas, Nevada, 89109. All remaining allegations are denied. Further

answering that Wynn MA, LLC is wholly owned by its sole member, Wynn America, LLC, and

Wynn America, LLC is wholly owned by its sole member Wynn Resorts, Limited, a publicly

traded corporation.

3.      Admitted only that Wynn Resorts, Limited is a publicly traded Nevada

corporation with a principal place of business at 3131 Las Vegas Boulevard South, Las Vegas,

Nevada, 89109. All remaining allegations in this Paragraph are denied. Further answering, Wynn

Resorts, Limited is the sole owner/member of Wynn America, LLC.

<u>JURISDICTION AND VENUE</u>

4.      Paragraph four states a legal conclusion to which no response is required.

5.      Paragraph five states a legal conclusion to which no response is required.

<u>FACTS COMMON TO ALL PARTIES</u>

6.      Admitted only that the Defendants were provided documents that indicate Plaintiff is a 46.69% member of FBT and that FBT was the owner of the land located in Everett, Massachusetts where Wynn MA, LLC is currently building Encore Boston Harbor (previously known as Wynn Boston Harbor).  All remaining allegations in this Paragraph are denied.

7.      Admitted only that on December 19, 2012 Wynn MA, LLC and FBT entered into an Option Agreement in connection with certain land in Everett, Massachusetts.  The Option Agreement is a document which speaks for itself.  To the extent that Plaintiff mischaracterizes the document, the Defendants deny that mischaracterization.  All remaining allegations in this Paragraph are denied.

8.      Admitted only that the Defendants were informed that at the time of the sale of the land in Everett to Wynn MA, LLC the only members of FBT were Mr. Lohnes, The DeNunzio Group, LLC, and Mr. Gattineri. All remaining allegations in this Paragraph are denied.

9.      Admitted only that in January 2013, Wynn MA, LLC filed an application with the Gaming Commission for a license to operate a destination casino on certain land located in Everett, MA.  All remaining allegations in this Paragraph are denied.

10.      Admitted only that during the application process, the Gaming Commission

became concerned that one or more persons other than Mr. Lohnes, Mr. DeNunzio, and Mr. Gattineri had ownership or membership interests in FBT and that the IEB informed the Defendants that the IEB's concern over FBT ownership jeopardized Wynn MA, LLC's casino license application.  All remaining allegations in this Paragraph are denied.

11.     Admitted only that during the application process, the Gaming Commission became concerned that one or more persons other than Mr. Lohnes, Mr. DeNunzio, and Mr. Gattineri had ownership or membership interests in FBT. Admitted that in response to those concerns Wynn MA, LLC engaged an appraiser to determine the non-casino value of the land in Everett, provided that appraisal to the Gaming Commission, and proceeded in accordance with the Gaming Commission's vote on December 13, 2013. All remaining allegations in this Paragraph are denied.

12.     Admitted only that $35 million was the amount provided by Wynn MA, LLC to the Gaming Commission by the appraiser for the "non-casino value" of the land.  All remaining allegations in this Paragraph are denied.

13.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore deny them on that basis.

14.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore deny them on that basis. Further answering, Defendants state that on November 26, 2013, FBT and Wynn MA, LLC entered into the Ninth Amendment to Option Agreement which, *inter alia*, set the purchase price for the property at thirty-five million dollars ($35,000,000).

15.     Admitted only that on December 13, 2013, the Gaming Commission voted on the resolution proposed by Wynn MA, LLC that the sale price for the land be no more than $35 million with the $10 million proviso for cleanup cost. All remaining allegations in this Paragraph are denied.

16.     Admitted only that the Gaming Commission required that the three members of FBT who were nominally to receive proceeds be required to sign a document saying that they are the exclusive recipients of the proceeds, and that they do that on a notarized document, under oath.  Further answering, the Defendants admit that the Defendants had not anticipated this condition. All remaining allegations in this Paragraph are denied.

17.     Admitted only that the Lohnes and DeNunzio Certificates were signed and provided to the Gaming Commission.  This Paragraph references documents which speak for themselves. All remaining allegations in this Paragraph are denied.

18.     Admitted only that the Plaintiff did not sign his Certificate at that time. All remaining allegations in this Paragraph are denied.

19.     As to the allegations in the first sentence of Paragraph nineteen, admitted only that former Governor Weld, acting in his role as counsel to Defendants, had a number of telephone calls and meetings with Plaintiff and Plaintiff's lawyers, and that Plaintiff was requested to sign his Certificate. As to the allegations in the second sentence of Paragraph nineteen, admitted only that Mr. DeSalvio and one or more of Plaintiff's lawyers also participated in some of these meetings. All remaining allegations in this Paragraph are denied.

20.     Denied.

21.     Admitted only that Plaintiff did not sign his Certificate at that time. All remaining allegations in this Paragraph are denied.

22.     Admitted only that as of March 11, 2014, Plaintiff had not signed his Certificate. All remaining allegations in this Paragraph are denied.

23.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph twenty-three, and therefore deny them on that basis.

24.     Admitted only that on April 27, 2014, former Governor Weld sent an email containing drafts of declarations to Plaintiff's attorney, Brad Bailey.  This email is a document that speaks for itself and to the extent Plaintiff mischaracterizes the document, Defendants deny that mischaracterization. Further answering, Defendants admit that Plaintiff did not sign his Certificate at this time.  All remaining allegations in this Paragraph are denied.

25.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph twenty-five, and therefore deny them on that basis.

26.     Denied.

27.     Denied.

28.     Admitted only that on the morning of June 14, 2014, Mr. DeSalvio and Mr. Gattineri met at The Westgate Hotel in San Diego, where Mr. DeSalvio had spent the night, and that Mr. Gattineri did not sign his Certificate at that breakfast meeting.  Further answering, the

Defendants admit only that Plaintiff complained about the reduction in the purchase price for the property.  All remaining allegations in this Paragraph are denied.

29.     Admitted only that Plaintiff complained about the reduction in the purchase price for the property and that Mr. DeSalvio asked Mr. Gattineri to provide his Certificate.  All remaining allegations in this Paragraph are denied.

30.     Denied.

31.     Denied.

32.     Admitted only that Mr. DeSalvio said that the casino industry is more regulated than the nuclear power industry.  All remaining allegations in this Paragraph are denied.

33.     Denied.

34.     Admitted only that Mr. Gattineri signed the Certificate and the Certificate was signed on June 14, 2014.  The Certificate is a document that speaks for itself. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations in Paragraph thirty-four, and therefore deny them on that basis.

35.     Denied.

36.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph thirty-six, and therefore deny them on that basis.

37.     Admitted only that on September 16, 2014, the Gaming Commission voted to award the casino license to Wynn MA, LLC, and that Wynn MA, LLC purchased certain land

from FBT for $35 million on January 2, 2015.  All remaining allegations in this Paragraph are denied.

38.     Admitted.

39.     Admitted only that on January 2, 2015 Wynn MA, LLC purchased certain land from FBT for $35 million.  All remaining allegations in this Paragraph are denied.

40.     Admitted only that in May 2016 a jury returned a verdict of not guilty and the court entered a judgment of acquittal on the Federal charges against the Plaintiff.  Further answering, the Defendants admit only that the disposition entered for all Massachusetts charges was nolle prosequie.  All remaining allegations in this Paragraph are denied.

41.     Admitted only that Mr. DeSalvio has spoken by phone, communicated by text, and met Plaintiff in person since May 2016.  All remaining allegations in this Paragraph are denied.

42.     Denied.

43.     Admitted only that on April 11, 2018 Plaintiff's counsel sent a written demand for relief pursuant to G.L. c. 93A §9(3).  The letter is a document that speaks for itself. Further answering, the Defendants admit only that on May 11, 2018 the Defendants through counsel informed Plaintiff's counsel that a written response would not be provided to the April 11, 2018 letter.  No such response is required as a matter of law.  All remaining allegations in this Paragraph are denied.

## COUNT I
## (BREACH OF CONTRACT)
## (v. Wynn MA, LLC and Wynn Resorts, Ltd.)

44.     The Defendants restate their responses to Paragraphs 1 to 43 above as if fully set forth herein.

45.     Denied.

46.     Denied.

47.     Admitted only that Plaintiff signed the Certificate, which is a document that speaks for itself. All remaining allegations in this Paragraph are denied.

48.     Admitted only that on September 16, 2014, the Gaming Commission voted to award the casino license to Wynn MA, LLC, and that Wynn MA, LLC purchased certain land from FBT for $35 million on January 2, 2015.  All remaining allegations in this Paragraph are denied.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT II
## (Unfair and/or Deceptive Trade Practices in Violation of M.G.L. c. 93A)
## (v. Wynn MA, LLC and Wynn Resorts, Ltd.)

52.     The Defendants restate their responses to Paragraphs 1 to 51 above as if fully set forth herein.

53.     As to Wynn MA, LLC admitted only that Wynn MA, LLC is engaged in business

in the Commonwealth of Massachusetts and is registered to do business in the Commonwealth of

Massachusetts. As to Wynn Resorts, Limited, admitted only that Wynn Resorts, Limited is

registered to do business in the Commonwealth of Massachusetts. All remaining allegations in

this Paragraph are denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Admitted only that Plaintiff was indicted by Federal and Massachusetts

authorities, that in May 2016 a jury returned a verdict of not guilty and the court entered a

judgment of acquittal on the Federal charges against the Plaintiff, and that the disposition entered

for all Massachusetts charges was nolle prosequie. All remaining allegations in this Paragraph

are denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Admitted only that on April 11, 2018 Plaintiff's counsel sent a written demand for

relief pursuant to G.L. c. 93A §9(3). The letter is a document that speaks for itself. Further

answering, the Defendants admit only that on May 11, 2018 the Defendants through counsel

informed Plaintiff's counsel that a written response would not be provided to the April 11, 2018

letter. No such response is required as a matter of law. All remaining allegations contained in this

Paragraph are denied.

## COUNT III
### (Common Law Fraud)
### (v. Wynn MA, LLC and Wynn Resorts, Ltd.)

63.     The Defendants restate their responses to Paragraphs 1 to 62 above as if fully set

forth herein.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## AFFIRMATIVE DEFENSES

The Defendants set forth the following affirmative defenses to the allegations in the

Complaint and expressly reserve the right to raise any additional affirmative defenses that may

become available or apparent during the course of discovery in this action:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the Defendants upon which relief can be granted,

including but not limited to, pleading requirements under F.R.C.P. §9(b).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Count I, for Breach of Contract, is barred for failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Count I, for Breach of Contract, is barred by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Count II, pursuant to M.G.L. c. 93A, is barred by Plaintiff's failure to meet the subject matter jurisdiction requirements of M.G.L. c. 93A.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Count II, pursuant to M.G.L. c. 93A, is barred by Plaintiff's failure to meet the pleading requirements of M.G.L. c. 93A.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Defendants' actions or conduct have not caused Plaintiff any damages.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages, Plaintiff's claims are barred in whole or in part by his own failure to mitigate or avoid the alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of release.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of illegality.

## CONCLUSION

**WHEREFORE**, the Defendants pray that the Court enter a judgment dismissing Counts I, II and III of Plaintiff's Complaint, with prejudice, and that the Defendants be awarded their attorneys' fees, costs, and other and further relief as is just and appropriate.

## COUNTERCLAIM OF WYNN MA, LLC

Pursuant to Fed. R. Civ. P. 13 Wynn MA, LLC hereby states as follows:

## PARTIES

1.     The Plaintiff-in-Counterclaim Wynn MA, LLC is a limited liability company organized under the laws of Nevada with a principal place of business located at 3131 Las Vegas Boulevard South, Las Vegas, Nevada, 89109.  Wynn MA, LLC is registered to do business in the Commonwealth of Massachusetts. Wynn MA, LLC is wholly owned by its sole member, Wynn America, LLC, a limited liability company organized under the laws of Nevada with a principal place of business located at 3131 Las Vegas Boulevard South, Las Vegas, Nevada, 89109. Wynn America, LLC is wholly owned by its sole member Wynn Resorts, Limited, a publicly traded corporation.

2.      The Defendant-in-Counterclaim Anthony Gattineri ("Defendant-in-Counterclaim"), is, on information and belief, an individual residing in Vero Beach, Indian River County, Florida. *See* Dkt. No. 1 Complaint at ¶ 1.

### FACTS

3.      On September 16, 2014, the Massachusetts Gaming Commission ("Gaming Commission") voted to award the Category 1 gaming license in Region A (the "Casino License") to Wynn MA, LLC.

4.      At all times relevant hereto, Wynn MA, LLC enjoyed an advantageous business relationship with the Gaming Commission associated with the Gaming Commission's September 16, 2014 vote to award the Casino License to Wynn MA, LLC, including, but not limited to, the right to generate income from a destination resort casino licensed by the Gaming Commission to operate in the Commonwealth of Massachusetts.

5.      At all times relevant hereto, Mr. Gattineri was aware of the advantageous business relationship between Wynn MA, LLC and the Gaming Commission. *See* Dkt. No. 1, Complaint at ¶ 37.

6.      In April 2018, through counsel, Mr. Gattineri sent a written demand for relief pursuant to G.L. c. 93A §9(3) to Wynn MA, LLC. In this demand letter, Mr. Gattineri alleged, *for the first time*, that he was entitled to payment of $18,676,000 based on an oral contract made between Wynn MA, LLC, Wynn Resorts, Limited, and Mr. Gattineri.  Mr. Gattineri repeated this claim in his publicly filed complaint on June 12, 2018.

## COUNT I:
### (INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

7.      Plaintiff-in-Counterclaim repeats the allegations contained in Paragraphs 1-6 as though set forth fully herein.

8.      Wynn MA, LLC enjoys advantageous business relations with the Gaming Commission.

9.      Mr. Gattineri had knowledge of the advantageous business relations between Wynn MA, LLC and the Gaming Commission at all times relevant hereto, and well before Mr. Gattineri first raised his false allegations regarding a purported oral contract between himself, Wynn MA, LLC, and Wynn Resorts, Limited.

10.     Mr. Gattineri knowingly and willfully interfered with Wynn MA, LLC's business relations with the Gaming Commission by, among other things, making disparaging and false public accusations that Wynn MA, LLC entered an improper oral contract with Mr. Gattineri in violation of the Gaming Commission's directives to Wynn MA, LLC.

11.     Mr. Gattineri's conduct as described herein is intentionally and maliciously designed to interfere with Wynn MA, LLC's advantageous business relations with the Gaming Commission.

12.     As a direct and proximate result of Mr. Gattineri's conduct including the conduct referenced in his Complaint, Wynn MA, LLC's advantageous business relations with the Gaming Commission have been damaged, in an amount to be determined at trial.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Plaintiff-in-Counterclaim Wynn MA, LLC respectfully prays that the Court enter judgment in favor of Plaintiff-in-Counterclaim on its claim for Intentional Interference with Advantageous Business Relations, and award all damages caused thereby; and award such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**WYNN MA, LLC & WYNN RESORTS, LIMITED,**

By its attorneys,

*/s/ Samuel M. Starr*
Samuel M. Starr, BBO No. 477353
Caitlin A. Hill, BBO No. 684774
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
   & POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel:    617.542.6000
Fax:    617.542.2241
E-mail: tstarr@mintz.com
           cahill@mintz.com

Dated:     July 6, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document filed through the ECF system on July 6, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants via U.S. Mail on July 6, 2018.

*/s/ Samuel M. Starr*

78832410