UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY GATTINERI, <br><br> Plaintiff <br> v. <br><br> WYNN MA, LLC and WYNN RESORTS, LIMITED <br><br> Defendants. <br><br> ─────────────────────── <br><br> WYNN MA, LLC, <br><br> Plaintiff-in-Counterclaim, <br><br> v. <br><br> ANTHONY GATTINERI, <br><br> Defendant-in-Counterclaim. | Civil Action No. 18-cv-11229-ADB |

## ANSWER TO COUNTERCLAIM
**(Demand for Trial by Jury)**

Now comes Plaintiff/Defendant-in-Counterclaim, Anthony Gattineri, and states the following in answer to the Defendant/Plaintiff-in-Counterclaim, Wynn MA, LLC's Counterclaim:

1.  Admitted only that Wynn MA, LLC is a limited liability company organized under the laws of Nevada with a principal place of business located at 3131 Las Vegas Boulevard South, Las Vegas, Nevada, 89109. The Defendant-in-Counterclaim is without sufficient knowledge or information to form a belief as the truth or falsity of the remainder of the allegations in Paragraph 1, and therefore denies them and calls upon Plaintiff-in-Counterclaim to prove the same.

2. Admitted.

3. Admitted.

4. Admitted only that the Gaming Commission voted to award the Casino License to Wynn MA, LLC. Defendant-in-Counterclaim denies all the remaining allegations in Paragraph 4.

5. Denied.

6. Admitted only that Defendant-in-Counterclaim sent a written demand for relief pursuant to M.G.L. c. 93A § 9(3) to Wynn MA, LLC and that the Defendant-in-Counterclaim filed a complaint on June 12, 2018 in the United States District Court for the District of Massachusetts. The Defendant-in-Counterclaim further states that said documents are documents that speak for themselves, and to the extent the Plaintiff-in-Counterclaim misrepresents or mischaracterizes their respective contents, the Defendant-in-Counterclaim denies such misrepresentations and mischaracterizations. Further answering, the Defendant-in-Counterclaim denies that the referenced demand letter was the first time that he sought from the Plaintiff-in-Counterclaim what was demanded therein (other than multiple damages and attorneys' fees) or the breach of contract relief sought in his Complaint.

**COUNT I:**
**(INTENTIONAL INTERFERENCE WITH**
**ADVANTAGEOUS BUSINESS RELATIONS)**

7. Defendant-in-Counterclaim restates his responses to Paragraphs 1 through 6 as though set forth fully herein.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant-in-Counterclaim denies that he is liable or indebted to the Plaintiff-in-Counterclaim.

### Third Affirmative Defense

The Counterclaim must be dismissed under Rule 12(b)(1).

### Fourth Affirmative Defense

Defendant/Plaintiff-in-Counterclaim's request for relief is barred by Defendant/Plaintiff-in-Counterclaim's unclean hands.

### Fifth Affirmative Defense

Defendant/Plaintiff-in-Counterclaim's counterclaim falls under the definition of Strategic Litigation Against Public Participation in violation of M.G.L. c. 231 §59H.

### Sixth Affirmative Defense

Defendant/Plaintiff-in-Counterclaim's counterclaim is not grounded in fact, nor warranted by existing law, and was filed for improper purposes, including the harassment of Plaintiff/Defendant-in-Counterclaim in violation of M.G.L. c. 231 §6F.

### Seventh Affirmative Defense

Any losses suffered by Defendant/Plaintiff-in-Counterclaim are the result of its own conduct, and not the result of conduct by the Plaintiff/Defendant-in-Counterclaim.

<u>Eight Affirmative Defense</u>

The Plaintiff/Defendant-in-Counterclaim hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend his answer and to assert any such defenses.

WHEREFORE, Plaintiff/Defendant-in-Counterclaim prays that this Court enter judgment against the Defendant/Plaintiff-in-Counterclaim on its Counterclaim.

**DEFENDANT-IN-COUNTERCLAIM DEMANDS A JURY TRIAL ON CLAIMS SO TRIABLE.**

ANTHONY GATTINERI,
Plaintiff/Defendant-in-Counterclaim

By his attorneys,

/s/ Todd B. Gordon
Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Robert A. DiSorbo (BBO No. 699357)
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
Tel:  (617) 261-0100
Fax:  (617) 261-0789
Email: sgordon@gordonfirm.com
tgordon@gordonfirm.com
rdisorbo@gordonfirm.com

Dated: July 26, 2018

<u>CERTIFICATE OF SERVICE</u>

I, Todd B. Gordon, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 26, 2018.

/s/ Todd B. Gordon
Todd B. Gordon (BBO No. 652482)

P:\Clients-GLF\Gattineri, A (Wynn Casino)\Plead\Answer to CC.docx