**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANTHONY GATTINERI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| WYNN MA, LLC and WYNN RESORTS, ) | |
| LIMITED, ) | |
| ) | |
| Defendants ) | Civil Action No. 1:18-cv-11229 |
| ) | |
| WYNN MA, LLC, ) | |
| ) | |
| Plaintiff-in-Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY GATTINERI, ) | |
| ) | |
| Defendant-in-Counterclaim. ) | |

**DEFENDANT WYNN MA, LLC'S MOTION TO COMPEL**
**FULL AND COMPLETE RESPONSES TO ITS**
**FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule 37 Wynn MA, LLC ("Encore") files this Motion to Compel full and complete responses to Interrogatory Nos. 1, 2, and 5. These interrogatories seek discrete and targeted information related to core allegations contained in Mr. Gattineri's Complaint. Yet, Mr. Gattineri objected to each interrogatory and refused to provide any response, not even to state whether such documents existed. This refusal to respond is improper. To date, Mr. Gattineri has produced 9,000 pages of documents. It would be extremely inequitable, and also significantly more burdensome, to require Encore to identify the specific documents sought from the 9,000 pages of produced materials when Plaintiff—who carries the burden in this case—must know which documents support the allegations set forth in his complaint.

1

Moreover, Plaintiff has withheld more than 1,000 documents based on the attorney-client privilege. By virtue of the sheer number of withheld documents it is conceivable that some of the documents responsive to Encore's interrogatories are among the documents withheld, but because Plaintiff has not even bothered to identify the responsive documents Encore has no way of knowing. If this is the case, Plaintiff's responses citing to documents supposedly in Encore's possession is entirely improper.

Therefore, Encore respectfully requests this Court compel Mr. Gattineri to amend his insufficient responses to Interrogatory Nos. 1, 2, and 5 in order to fully and completely answer Encore's interrogatories, including the identification of any documents containing information that were supposedly produced pursuant to Fed. R. Civ. P. 34.

Respectfully submitted,

**WYNN MA, LLC,**

By its attorneys,

*/s/ Samuel M. Starr*
Samuel M. Starr, BBO No. 477353
Caitlin A. Hill, BBO No. 684774
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
  & POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel:    617.542.6000
Fax:   617.542.2241
E-mail: tstarr@mintz.com
             cahill@mintz.com

Dated:  November 15, 2019

## LOCAL RULE 7.1(A)(2) AND 37.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2) and 37.1(a), undersigned counsel certifies that he conferred with Plaintiff's counsel via phone on November 7, 2019 and by email on November 13, 2019 where Plaintiff's counsel stated that Plaintiff opposes the relief sought by Defendants.

/s/ *Samuel M. Starr*
Samuel M. Starr

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019, the above document was served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

/S/ *Samuel M. Starr*
Samuel M. Starr

93660796v.1