# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY GATTINERI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| WYNN MA, LLC and WYNN RESORTS, ) | |
| LIMITED, ) | |
| ) | |
| Defendants ) | Civil Action No. 1:18-cv-11229 |
| ) | |
| WYNN MA, LLC, ) | |
| ) | |
| Plaintiff-in-Counterclaim, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY GATTINERI, ) | |
| ) | |
| Defendant-in-Counterclaim. ) | |

**DEFENDANT WYNN MA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO ITS <u>FIRST SET OF INTERROGATORIES</u>**

**INTRODUCTION**

Pursuant to Federal Rule 37 Wynn MA, LLC ("Encore") files this Motion to Compel full and complete responses to Interrogatory Nos. 1, 2, and 5.[1] These interrogatories seek discrete and targeted information related to core allegations contained in Mr. Gattineri's Complaint. Mr. Gattineri objected to each interrogatory and refused to provide answers based on the following objection:

> Defendant seeks information which has already been made available to it through its requests pursuant to Fed. R. Civ. P. 34. As such, Plaintiff cannot be forced to make extremely time consuming and onerous compilations of information where

---

[1] Responses attached hereto as Ex. 1.

1

the documents containing the material necessary for the requested compilations are already in Defendant's possession.

Plaintiff's Answers to First Set of Interrogatories, Nos. 1, 2, and 5[2/] (Nov. 1, 2019).

Mr. Gattineri's responses are inadequate for one simple reason: he refuses to answer. Encore's interrogatories seek identification of specific relevant documents and information directly related to allegations contained in the complaint, but Plaintiff refuses to identify a single document in his response. Therefore, Encore respectfully requests this Court compel Mr. Gattineri to amend his insufficient responses to Interrogatory Nos. 1, 2, and 5 in order to fully and completely answer Encore's interrogatories, including the identification of any documents containing information that were supposedly produced pursuant to Fed. R. Civ. P. 34.

## BACKGROUND

Mr. Gattineri alleges that on December 19, 2012, FBT Everett Realty, LLC ("FBT"), of which Mr. Gattineri is a member, and Encore entered into an Option Agreement regarding Encore's potential purchase of land in Everett from FBT that is now the site of the Encore Boston Harbor casino (the "Property"). *See* Complaint [Dkt. No. 1] at Introduction.[3/] Following the execution of the Option Agreement, the Massachusetts Gaming Commission (the "Commission") became concerned that there were additional owners in FBT beyond the three previously disclosed to investigators. *Id.* The Commission told Encore it could not proceed with the purchase of the Property. *Id.* FBT and Encore then agreed to enter the Ninth Amendment to the Option Agreement

---

[2/] Mr. Gattineri's response to Interrogatory No. 5 is worded differently, but is of the same substance, "Defendant seeks information which has already been made available to it through its requests pursuant to Fed. R. Civ. P. 34. As such, Defendant has no right to require Plaintiff to make compilations of information where the documents containing the material necessary for the compilations are already available to Defendant." Plaintiff's Response to Interrogatory No. 5 (Nov. 1, 2019).

[3/] For ease of reference, Defendants have cited to portions of Mr. Gattineri's Complaint for background. Defendants do not agree with Plaintiff's characterization of the facts. A copy of the Complaint is attached hereto as Ex. 2.

2

(the "Ninth Amendment"), under which Encore would purchase the Everett Parcel from FBT for $35 million, instead of the $75 million purchase price reflected in the original Option Agreement. *Id.* In addition, the Commission required that each individual FBT member submit a certificate stating, under oath, their ownership in FBT was for themselves only and no other persons or entities. *Id*. Encore ultimately obtained the gaming license from the Commission in September 2014 and purchased the Property a few months later pursuant to the Ninth Amendment for approximately $35 million. *Id.* at Introduction and ¶ 37.

Against that backdrop, Mr. Gattineri's allegations in this case also focus on the events related to the certificates required by the Commission from each FBT member. Specifically, Mr. Gattineri alleges that on June 14, 2014, then-Encore President Robert DeSalvio met with Anthony Gattineri in San Diego, California. *See id*. He further alleges that, at the meeting, Mr. DeSalvio made the following offer to Mr. Gattineri: "if Anthony Gattineri signed the required Certificate and Wynn obtained the casino license for a casino on the FBT property and bought the property, Wynn would 'make Anthony Gattineri whole' by providing him with his percentage of the purchase price reduction (which is $18,676,000)." *See id*. Mr. Gattineri refers to this alleged offer as the "San Diego Agreement." *Id.* at ¶ 33.

## PROCEDURAL BACKGROUND

On September 25, 2019, Encore served its First Set of Interrogatories on Plaintiff, including Interrogatory Nos. 1, 2, and 5. The Interrogatories and Mr. Gattineri's Responses are reproduced below:

**Interrogatory No. 1**

Identify, by bates number, each document that you have produced in this Action regarding, related to, or that references the San Diego Agreement.

### Answer to Interrogatory No. 1

Plaintiff objects to Interrogatory No. 1 on the grounds that it is unduly burdensome and interposed for an improper purpose, such as to cause unnecessary delay, or needlessly increase the cost of litigation for the Plaintiff. Specifically, Defendant seeks information which has already been made available to it through its requests pursuant to Fed. R. Civ. P. 34. As such, Plaintiff cannot be forced to make extremely time consuming and onerous compilations of information where the documents containing the material necessary for the requested compilations are already in Defendant's possession.

### Interrogatory No. 2

Identify, by bates number, each document that You have produced concerning the allegations contained in ¶¶ 13, 28 and 35 of the Complaint.

### Answer to Interrogatory No. 2

Plaintiff objects to Interrogatory No. 2 on the grounds that it is unduly burdensome and interposed for an improper purpose, such as to cause unnecessary delay, or needlessly increase the cost of litigation for the Plaintiff. Specifically, Defendant seeks information which has already been made available to it through its requests pursuant to Fed. R. Civ. P. 34. As such, Plaintiff cannot be forced to make extremely time consuming and onerous compilations of information where the documents containing the material necessary for the requested compilations are already in Defendant's possession.

### Interrogatory No. 5:

Identify by bates number, each document You have produced in which You stated Your opposition to "accepting a lower price" as alleged in ¶ 13 of the Complaint.

### Answer to Interrogatory No. 5:

Plaintiff objects to this Interrogatory as being unduly burdensome and interposed for an improper purpose, such as to cause unnecessary delay, or needlessly increase the cost of litigation for the Plaintiff. Specifically, Defendant seeks information which has already been made available to it through its requests pursuant to Fed. R. Civ. P. 34. As such, Defendant has no right to require Plaintiff to make compilations of information where the documents containing the material necessary for the compilations are already available to Defendant.

Mr. Gattineri provided his answers to Encore's interrogatories on November 1, 2019. *See* Ex. 1. The parties conferred about these responses on November 7, 2019. After the parties conferred, Encore provided Plaintiff with case law supporting its argument that Plaintiff's responses are inadequate and require further amending to properly identify the requested information. By email of November 13, 2019, Plaintiff's counsel advised Encore's counsel that "[w]e have reviewed all the cases you sent and are very comfortable with the cases we found supporting our objections to Interrogatories #s [sic] 1, 2 and 5." Plaintiff's counsel did not provide the referenced cases. To date, the parties remain at an impasse with respect to all three interrogatory responses.

## **LEGAL STANDARD**

In general, District Courts within the First Circuit have found that "answering an interrogatory by referring to pleadings or other discovery is insufficient." See *Vazquez-Fernandez v. Cambridge Coll. Inc.*, 269 F.R.D. 150, 156 (D.P.R. 2010) (citing 8B CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. CIV. § 2177 (3d ed. 2010)). However, in certain circumstances, instead of providing data in the form of a traditional interrogatory answer, the data sought can be provided by referencing particular records. FED. R. CIV. P. 33(d). In full, Rule 33(d) states:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FED. R. CIV. P. 33(d); *see also Torres v. Johnson & Johnson*, No. 3:18-10566-MGM, 2018 U.S. Dist. LEXIS 144043, at *5 (D. Mass. Aug. 24, 2018) (finding a party "must represent that the answer to the interrogatory at issue will be found in the business records it identifies; must show

that there would be a sufficiently onerous burden on [the party answering the interrogatory] if it is not permitted to [cite to the business records]; and, finally, that the burden of deriving the information from the business records is substantially the same for the interrogating party as for the responding party.").

To identify such records properly, the party answering the interrogatory must "adequately identify the records from which the information requested can be derived." *Torres*, 2018 U.S. Dist. LEXIS 144043, at *5. This Court has found that such identification was proper when the answering party "specifically identified relevant records by Bates numbers in documents it has produced . . . and the ranges of Bates numbers identify reasonably limited numbers of relevant documents." *Id.* at *9.

Finally, courts have found that it is simply improper "to invoke the option to produce business records where the interrogatory seeks information ***and the identification of documents that support that answer***, instead of a compilation of data." *Vazquez-Fernandez*, 269 F.R.D., at 158 (emphasis added).

## ARGUMENT

**I.  Interrogatory Nos. 1, 2 and 5 Seek Specific Identification of Documents and Plaintiff's Refusal to Answer is Improper.**

Interrogatory No. 1 seeks the identification of documents produced by Plaintiff relevant to the San Diego Agreement. Interrogatory No. 2 seeks the identification of documents produced by Plaintiff relevant to: Mr. Gattineri's opposition to accepting a lower purchase price, a meeting allegedly held on June 14, 2014 between Mr. DeSalvio and Mr. Gattineri in San Diego, and the Certificate signed by Mr. Gattineri that was delivered to the Commission. Interrogatory No. 5 also seeks the identification of documents produced by Plaintiff relevant to Mr. Gattineri's opposition

to "accepting a lower price." Ex. 1 at p. 4. Plaintiff made virtually the same objection to all three Interrogatories stating:

> Defendant seeks information which has already been made available to it through its requests pursuant to Fed. R. Civ. P. 34. As such, Plaintiff cannot be forced to make extremely time consuming and onerous compilations of information where the documents containing the material necessary for the requested compilations are already in Defendant's possession.

Ex. 1.

In each interrogatory, Encore seeks the identification of specific documents. It cannot be disputed that the documents Encore seeks are at the heart of the case: the "San Diego Agreement", Mr. Gattineri's alleged opposition to accepting a lower price, his belief that the Property was worth at least $75 million, and allegations related to contact between Mr. Gattineri and Mr. DeSalvio after the June 14, 2014 San Diego meeting. Yet, Plaintiff has not bothered to identify a single document or range of documents, instead stating that all of the information relevant to this interrogatory has already been produced to Encore under Fed. R. Civ. P. 34. Plaintiff's objection improperly references the very broad category of discovery, document production under Rule 34. "Answering interrogatories simply by directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33." *See Autoridad De Carreteras Y Transportacion v. Transcore Atl., Inc.,* 319 F.R.D. 422, 431 (D.P.R. 2016) (citing *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012)).

To date, Mr. Gattineri has produced 9,000 pages of documents. It would be extremely inequitable, and also significantly more burdensome, to require Encore to identify the specific documents sought from the 9,000 pages of produced materials when Plaintiff—who carries the burden in this case—must know which documents support the allegations set forth in his

complaint.⁴ᐟ "Rule 33 cannot…be used as a procedural device for avoiding the duty to give information by shifting the obligation to find out whether information is ascertainable from the records which have been tendered." *Sable v. Mead Johnson & Co.,* 110 F.R.D. 553, 555 (D. Mass. 1986) (quoting *Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.,* 55 F.R.D. 354, 357 (W.D. Mo. 1972)).

Moreover, Plaintiff has withheld more than 1,000 documents based on the attorney-client privilege. By virtue of the sheer number of withheld documents it is conceivable that some of the documents responsive to Encore's interrogatories are among the documents withheld, but because Plaintiff has not even bothered to identify the responsive documents Encore has no way of knowing. If this is the case, Plaintiff's responses citing to documents supposedly in Encore's possession is entirely improper. *Vazquez-Fernandez,* 269 F.R.D, at 158 (quoting *Blake Assocs., Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 290 (D. Mass. 1988)).

## CONCLUSION

Plaintiff does not identify a single document, let alone a range of documents. Plaintiff's responses do not provide any answer to Encore's interrogatory requests, and improperly rely on the statement that "Defendant has no right to require Plaintiff to make compilations of information where the documents containing the material necessary for the compilations are already available to Defendant." Ex. 1. As a result, Encore respectfully request this Court compel Mr. Gattineri to amend his answers to Encore's Interrogatory Nos. 1, 2, and 5 in order to fully and completely answer said interrogatories. Simply stating the documents Encore seeks are already in their possession does not answer Encore's request that Plaintiff *identify* said documents.

---

⁴ᐟ     Of course, if no such documents exist then Plaintiff should so state in his Responses to the Interrogatory.

Respectfully submitted,

**WYNN MA, LLC,**

By its attorneys,

*/s/ Samuel M. Starr*
Samuel M. Starr, BBO No. 477353
Caitlin A. Hill, BBO No. 684774
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
  & POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel:    617.542.6000
Fax:   617.542.2241
E-mail: tstarr@mintz.com
         cahill@mintz.com

Dated:  November 15, 2019

## CERTIFICATE OF SERVICE

    I hereby certify that on November 15, 2019, the above document was served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

                     */S/ Samuel M. Starr*
                       Samuel M. Starr

93458871v.4