UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY GATTINERI, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WYNN MA, LLC and WYNN RESORTS, )<br>LIMITED, )<br>)<br>Defendants )<br>)<br>WYNN MA, LLC, )<br>)<br>Plaintiff-in-Counterclaim, )<br>)<br>v. )<br>)<br>ANTHONY GATTINERI, )<br>)<br>Defendant-in-Counterclaim. )<br>) | Civil Action No. 1:18-cv-11229 |

**EMERGENCY MOTION
BY WYNN MA, LLC AND WYNN RESORTS, LTD. SEEKING
A PROTECTIVE ORDER TO PRECLUDE WALTER PAVLO FROM ACCESSING
DISCOVERY MATERIAL DESIGNATED UNDER THE PROTECTIVE ORDER
AND ATTENDING DEPOSITIONS**

Wynn MA, LLC ("Encore") and Wynn Resorts, Ltd. ("Wynn") (together the "Defendants") hereby file this Emergency Motion Seeking a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(A) and (E) to prevent Walter Pavlo—a journalist who Plaintiff claims is providing litigation support to him in this Action—from 1) accessing Discovery Materials designated under the Stipulation and Order Governing the Production and Exchange of Confidential and Highly Confidential Information (the "Protective Order") filed on March 20, 2019 [Dkt. No. 20][1/], and (2)

---

[1/] Attached hereto as Ex. A.

1

attending depositions in this Action. Defendants also move pursuant to ¶ 7 of the Protective Order, which allows the parties to "exclude any person from the deposition…if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation." Ex. A at ¶ 7.

Defendants file this motion on an emergency basis because 10 other depositions have been noticed in this case, all have been noticed (and many confirmed) to take place before the January 6, 2020 discovery cutoff. Indeed, depositions are currently confirmed for December 12, 16, 17, and 19, all of which will be directly impacted by the ruling on this Emergency Motion.

## **BACKGROUND**

On December 11, 2019, the third party deposition of Dustin DeNunzio was scheduled to take place in this Action beginning at 10:00 AM. *See* Affidavit of Samuel M. Starr ("Starr Aff.") at ¶ 4. On December 10, 2019, Mr. Starr spoke with counsel for Mr. Gattineri, Stephen Gordon, in connection with a number of discovery matters. During that telephone call, Mr. Gordon asked that Mr. Starr include their "litigation support," Walter Pavlo, to the building's security list so that he could attend the December 11, 2019 deposition of Mr. DeNunzio. At this time, Mr. Starr understood "litigation support" to mean a paralegal. Starr Aff. at ¶ 5.

At approximately 9:15 AM on December 11, 2019, as Mr. Starr prepared to add Mr. Pavlo to the security list, he googled Mr. Pavlo's name, accessed Mr. Pavlo's LinkedIn page, and learned that Mr. Pavlo is a print journalist and not a paralegal. Starr Aff. at ¶ 6. At approximately 9:45 AM on December 11, 2019, Mr. Starr received an email from Mr. Gordon stating that "Walt Pavlo has been engaged by [Mr. Gordon] for litigation support" and Mr. Gordon has "paid for his support for many months and need to be able to take advantage of his knowledge of facts and documents." Starr Aff. at ¶ 8. After learning that Mr. Pavlo was a print journalist and not a paralegal, Mr. Starr declined to include Mr. Pavlo on the building security list and declined to

allow him to attend the deposition. Starr Aff. at ¶ 7; Ex. A to Starr Aff. (email correspondence between S. Gordon and S. Starr).

Certain materials have been produced during discovery in this case with confidentiality designations pursuant to the Protective Order. Despite Mr. Pavlo's apparent involvement in this Action for months, Defendants have not received any indication that Mr. Pavlo has agreed to abide by the terms of the Protective Order. Starr Aff. at ¶ 11.

## ARGUMENT

Fed. R. Civ. P. 26(c) governs protective orders and provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(e); *Soika v. Jonas*, No. 3:18-cv-645, 2018 U.S. Dist. LEXIS 172907, at * 4 (D. Conn. Oct. 5, 2018). This Rule is "a safeguard for the protection of parties and witnesses in view of the almost unlimited right of discovery given by Rule 26(b)(1)." 8A Charles A. Wright et al., *Federal Practice & Procedure* § 2036 (3d ed. 2019) (citing *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922 (8th Cir. 1999)).

The party seeking protection bears the burden of showing that a protective order is necessary by providing the court with a "particular and specific demonstration of fact" and not merely 'stereotyped and conclusory statements." *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)); *Estate of Michael Edward Bell v. Strausbaugh*, No. 05-C-1176, 2007 U.S. Dist. LEXIS 107067, at *3 (E.D. Wis. Feb. 12, 2007) (stating "movant bears the burden of showing good cause for granting a protective order barring a party from attending a deposition."). It is well settled in the First Circuit that the "good cause" standard established by Fed. R. Civ. P.

26(c) "is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959-60 (D.C. Cir. 1999)).

Defendants have good cause to seek this protective order. Here, Plaintiff's counsel notified Defendants *less than 24 hours* before today's deposition that Plaintiff's counsel intended to bring their "litigation support," Walter Pavlo, with them to the deposition. Starr Aff. at ¶¶ 6-8. Counsel for Defendants only discovered that Mr. Pavlo was a journalist *45 minutes* before the deposition was scheduled to begin. Starr Aff. at ¶ 6. In addition, Plaintiff's counsel notified Defendants only *15 minutes* before the deposition was scheduled to begin that "Walt Pavlo has been engaged by [Mr. Gordon] for litigation support" and Mr. Gordon has "paid for his support for many months and need to be able to take advantage of his knowledge of facts and documents." Starr Aff. at ¶ 8.

Thousands of pages of documents have been exchanged since this case was filed in 2018. Many of these documents have been designated Confidential or Highly Confidential pursuant to the Protective Order. Before today, Defendants had no notice that Mr. Pavlo was involved in the case, and still have not received any indication that he has agreed to abide by the terms of the Protective Order. Paragraph 8 of the Protective Order requires that experts or consultants sign onto the Protective Order using the form attached the Protective Order as Exhibit A. *See* Ex. A at ¶ 8. Defendants have never received a copy of Exhibit A signed by Mr. Pavlo. Paragraph 7 of the Protective Order permits parties to "exclude any person from the deposition…if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation." Ex. A at ¶ 7. Because Defendants had no notice of

Mr. Pavlo's involvement and no indication that he has agreed to abide by the terms of the Protective Order, Defendants had every right to exclude him from the deposition, which may involve testimony and documents that are or will be designated Confidential or Highly Confidential under the Protective Order.

Defendants ask this Court to extend that exclusion by way of entering an order preventing Mr. Pavlo from attending future depositions. If the Court is not inclined to grant such a protective order, Defendants ask that Mr. Pavlo be required to sign Exhibit A to the Protective Order and agree to abide by the terms therein. In addition, now that it is apparent that Plaintiff intends to share materials in this litigation with the media, Defendants also seek the Court's permission to retroactively designate all documents produced by Defendants' "Confidential" for a reasonable period of time so that Defendants may reassess their confidentiality designations with this new information in mind.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully ask that this Court grant this Motion for Protective Order and grant the following relief:

1. Deny Walter Pavlo access to Discovery Materials designated Confidential or Highly Confidential under the Protective Order;

2. Preclude Mr. Pavlo from attending depositions or receiving deposition transcripts until the parties have had the opportunity to designate portions of the transcripts or exhibits pursuant to the Protective Order;

3. Permit Defendants to retroactively designate all materials produced in this Action as "Confidential" pursuant to ¶ 5 of the Protective Order.
4.

Respectfully submitted,

**WYNN MA, LLC &
WYNN RESORTS, LTD.,**

By its attorneys,

*/s/ Samuel M. Starr*
Samuel M. Starr, BBO No. 477353
Caitlin A. Hill, BBO No. 684774
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
  & POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel:    617.542.6000
Fax:   617.542.2241
E-mail: tstarr@mintz.com
          cahill@mintz.com

Dated: December 11, 2019

## LOCAL RULE 7.1(A)(2) AND 37.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2) and 37.1(a), undersigned counsel certifies that he discussed the issues raised herein with Plaintiff's counsel on the record at a deposition on December 11, 2019 where the Parties were unable to agree.

*/s/ Samuel M. Starr*
Samuel M. Starr

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019 the above document was served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

*/s/ Samuel M. Starr*
Samuel M. Starr

94568245v.2