UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY GATTINERI,<br><br>                 Plaintiff,<br><br>v.<br><br>WYNN MA, LLC and WYNN RESORTS, LIMITED,<br><br>                 Defendants.<br>_____<br>WYNN MA, LLC,<br><br>   Plaintiff-in-Counterclaim,<br><br>v.<br><br>ANTHONY GATTINERI,<br><br>   Defendant-in-Counterclaim. | No. 18-cv-11229-FDS |

**ORDER ON DEFENDANT WYNN MA, LLC'S MOTION TO COMPEL FULL AND
COMPLETE RESPONSES TO ITS FIRST SET OF INTERROGATORIES**

CABELL, U.S.M.J.:

This dispute arises from the Wynn defendants' purchase of
property in Everett, on which they constructed the Encore Boston
Harbor Casino.  Plaintiff Anthony Gattineri, a member of the realty
group that sold the property, claims that Wynn breached an oral
agreement made in San Diego (San Diego Agreement) to pay him in
accordance with the original purchase price of the property rather

than the lower price later negotiated.  Wynn has counterclaimed for intentional interference with an advantageous business relationship Wynn allegedly enjoyed with the Massachusetts Gaming Commission.

On September 25, 2019, after the plaintiff had produced approximately 9,000 pages to Wynn in response to a request for documents, Wynn served the plaintiff with its first set of interrogatories.  At issue are interrogatories 1, 2, and 5:

1. Identify by bates number, each document that You have produced in this Action regarding, related to, or that references the San Diego Agreement.

2. Identify by bates number, each document that You have produced concerning the allegations contained in ¶¶ 13, 28, and 35 of the Complaint.[1]

3. Identify by bates number, each document You have produced in which You stated Your opposition to "accepting a lower price" as alleged in ¶ 13 of the Complaint.

The plaintiff objected to each of these on the grounds that they were unduly burdensome and interposed for an improper purpose. He asserted that the information sought had already been made available through his document production and that he should not be forced to make an extremely time-consuming and onerous

---

[1] Paragraph 13 alleges that the plaintiff was opposed to accepting the lower-negotiated price for the property.  Paragraph 28 alleges that Gattineri met with a Wynn senior executive in San Diego, where Gattineri refused to sign off on the reduced purchase price.  Paragraph 35 alleges that after Wynn supposedly told Gattineri it would "make him whole" by paying him in accordance with the original purchase price for the property, the Wynn executive stayed in close contact with Gattineri to make sure Gattineri would sign off on the purchase.

compilation of information where the documents from which this compilation would come were already in Wynn's possession.  Wynn then filed this motion to compel (D. 42).

In resisting these interrogatories, the plaintiff does not rely specifically on the business records exception of Fed. R. Civ. P. 33(d).  However, he does assert that these interrogatories are compilation rather than contention interrogatories, and that it would be no more burdensome for the defendant to identify these documents than it would be for him to do so.  The court disagrees.

While the interrogatories in question are not explicitly phrased with "contention" language, they do ask the plaintiff to identify the documents that support various allegations.  As such, these interrogatories are far different from the type of interrogatories this court considered in *United States ex rel. Martino-Fleming v. South Bay Mental Health Ctr., Inc.*, 332 F.R.D. 1 (D. Mass. 2019), which the plaintiff contends supports his position.

 In *Martino-Fleming*, the relator asked the defendant health center (South Bay) for detailed data for mental health clinicians spanning nearly 20 facilities and a 10-year period.  Once South Bay compiled this data -- much of it handwritten -- and provided Martino-Fleming with Bates number ranges, indices, and spreadsheets, the court held that it would be no more burdensome for the relator to find specific information within the compilation

than the defendant.  Because of the turnover of personnel and the scope of the request, South Bay had no special knowledge of the data that would have made it easier for it to ascertain the answers.  Further, the interrogatories requested neutral data rather than the substantiation of contentions.

Here, though, the issue is not compilation of business data bur rather the identification of documents upon which the plaintiff intends to rely in meeting his burden of proof.  Providing business records in lieu of written answers to interrogatories is not the norm, but rather is an exception to the general rule that answering interrogatories by referring to pleadings or other discovery is insufficient.  *See Trustees of Boston Univ. v. Everlight Elec. Co.*, No. 12-cv-12326-PBS, 2014 WL 12792364, at * 2 (D. Mass May 16, 2014); *see also Bank of America, N.A. v. Barnes Hill, LLC*, No. 16-cv-11583-DJC, 2018 WL 10247150, at *3 (D. Mass. July 26, 2018) (if party intended to rely on its document production to answer interrogatories, it would need to specify which documents or bates-stamp reference numbers were responsive to particular interrogatories).

Further, the plaintiff should know what documents within his possession he plans to cite in support of his contentions.  Thus, he *a priori* has a greater ability than would Wynn to identify the documents responsive to Wynn's requests.

Therefore, the Defendant Wynn MA, LLC's Motion to Compel Full and Complete Reponses to its First Set of Interrogatories (D. 42) is **GRANTED**.  For interrogatory numbers 1, 2, and 5, the plaintiff is **ORDERED** to identify, by reference to specific documents or by bates-stamped reference numbers, which documents are responsive to each particular interrogatory.  The plaintiff shall provide the defendant with answers to these interrogatories within 10 days from the date of this Order.


**SO ORDERED.**                         /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.


DATED:  August 13, 2020