**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANTHONY GATTINERI,               )<br>                                              )<br>    Plaintiff                              )<br>                                              )<br>v.                                           )<br>                                              )<br>WYNN MA, LLC and WYNN RESORTS, )<br>LIMITED,                                )<br>                                              )<br>    Defendants                         )<br>                                              )<br>WYNN MA, LLC,                      )<br>                                              )<br>    Plaintiff-in-Counterclaim,      )<br>                                              )<br>v.                                           )<br>                                              )<br>ANTHONY GATTINERI,            )<br>                                              )<br>    Defendant-in-Counterclaim. )<br>                                              ) | Civil Action No. 1:18-cv-11229 |

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF ANTHONY GATTINERI'S AFFIDAVIT (DKT. NO. 141-1) FILED IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On November 4, 2020, Defendants Wynn Resorts Limited ("Wynn") and Wynn MA, LLC ("Encore") moved for summary judgment (Dkt. No. 132). In support of his Opposition to Defendants' Motion for Summary Judgment (the "Opposition") (Dkt. No. 140), Plaintiff submitted an Affidavit from Anthony Gattineri ("Gattineri Affidavit") (Dkt. No. 141-1). Defendants hereby move to strike the following sections of the of the Gattineri Affidavit: (1) certain portions of ¶ 11, which are identified in **<u>bold and underlined</u>** text in Defendants' accompanying Memorandum of Law in Support of their Motion to Strike Portions of the Gattineri Affidavit ("Memorandum"), (2) the first sentence of ¶ 22, and (3) the full ¶ 26. The Court should strike these sections of the

Gattineri Affidavit pursuant to the "sham affidavit" rule because they impermissibly attempt to create a conflict by contradicting Plaintiff's sworn deposition testimony.

**ARGUMENT**

Mr. Gattineri's Opposition to Defendants' Motion for Summary Judgment is riddled with factual allegations, many of which have been asserted for the very first time in the 10-page Gattineri Affidavit, which accompanies the Opposition. Although, under Fed. R. Civ. P. 56, affidavits may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence, *Federico v. Town of Rowley*, 2016 U.S. Dist. LEXIS 169198 *2 (D.Mass Dec. 7, 2016), pursuant to Fed. R. Civ. P. 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Summary judgment affidavits are subject to the "sham affidavit" rule. "When an interested witness has given clear answers to unambiguous questions [in a deposition], he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994); *see also Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 20 (1st Cir. 2000); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Allen, Federal Practice & Procedure § 2726.1 (4th ed. 2016). The "sham affidavit" rule safeguards the integrity of summary judgment proceedings by preventing a party from "manufactur[ing] a dispute of fact by contradicting his earlier sworn testimony without a satisfactory explanation of why the testimony is changed." *Abreu-Guzman v. Ford,* 241 F.3d 69, 74 (1st Cir. 2001).

Defendants' accompanying Memorandum reproduces the pertinent sections of Gattineri Affidavit ¶¶ 11, 22 and 26, and identifies the specific excerpts of sworn deposition testimony that

correspond to these paragraphs. In each instance, the Gattineri Affidavit plainly contradicts Mr. Gattineri's sworn deposition testimony provided in response to unambiguous questions, but offers no explanation for the contradiction.

## CONCLUSION

Therefore, Defendants respectfully request that the Court strike the following sections of the Gattineri Affidavit: (1) the **<u>bolded and underlined</u>** sections of ¶ 11 set forth in Section II.A of Defendants' accompanying Memorandum; (2) the first sentence of ¶ 22; (3) all of ¶ 26, and (4) award Defendants any other relief that the Court deems just and proper, including attorney's fees.

## LOCAL RULE 7.1(d) REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(d) of the US District Court for the District of Massachusetts, Defendants respectfully request a hearing on this Motion to Strike.

Respectfully submitted,

**WYNN MA, LLC & WYNN RESORTS, LIMITED,**

By its attorneys,

*/s/ Samuel M. Starr*
Samuel M. Starr, BBO No. 477353
Caitlin A. Hill, BBO No. 684774
Daniel J. Goodrich, BBO No. 692624
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
   & POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel:   617.542.6000
Fax:   617.542.2241
E-mail: tstarr@mintz.com
           cahill@mintz.com
           djgoorich@mintz.com

Dated: December 9, 2020

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), undersigned counsel certifies that he conferred with Plaintiff's counsel via email on December 8, 2020 where the Parties were unable to narrow the issues discussed herein.

/s/ *Samuel M. Starr*
Samuel M. Starr

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, the above document was served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

/S/ *Samuel M. Starr*
Samuel M. Starr

106181326v.1